UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SANDY LEANDER McCLELLON,<br><br>  Plaintiff,<br><br>v.<br><br>BENNETT HENDERSON et al.,<br><br>  Defendants. | Case No. 2:20-cv-00015<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:  The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

On November 20, 2020, Defendants Nurse Bennett Henderson and Quality Correctional Health Care (QCHC) filed motions to dismiss pro se Plaintiff Sandy Leander McClellon's complaint. (Doc. Nos. 24, 26.) McClellon, who is incarcerated and proceeding *in forma pauperis*, did not respond to the motions to dismiss. On April 7, 2021, the Court ordered McClellon to file any response in opposition to the motions to dismiss by May 4, 2021, and to show cause for his untimely filing. (Doc. No. 41.) The Court warned McClellon that failure to respond to the order "may result in a recommendation that this action be dismissed for the reasons stated in the defendants' motions or for McClellon's failure to prosecute his claims." (*Id.* at PageID# 155.) McClellon has not responded to the Court's order or the pending motions to dismiss. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss McClellon's complaint without prejudice for failure to prosecute under Rule 41(b) and find moot Henderson's and QCHC's motions to dismiss.

**I.      Factual and Procedural Background**

This action began on February 24, 2020, when McClellon filed a complaint in the United States District Court for the Eastern District of Tennessee under 42 U.S.C. § 1983, alleging that officials at the Cumberland County Jail in Crossville, Tennessee, violated his civil rights. (Doc. No. 1.) The case was subsequently transferred to this Court. (Doc. Nos. 4–6.) On June 15, 2020, the Court granted McClellon's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that McClellon had stated colorable claims against Defendant Sheriff Casey Cox in his official capacity based on the conditions of McClellon's confinement and against Defendants Jail Administrator Captain Tim Claflin in his official capacity, Henderson in his individual capacity, and QCHC for deliberate indifference to McClellon's serious medical and dental needs. (Doc. Nos. 10, 11.) The Court directed the Clerk's Office to send McClellon service packets to complete for Cox, Claflin, Henderson, and QCHC, including blank summonses and forms that the U.S. Marshals Service uses to effect service of process, and ordered McClellon to return the completed service packets by July 15, 2020. (Doc. No. 11.) The Court resent the June 15, 2020, order and blank service packets twice after McClellon was transferred between facilities and his mail was returned as undeliverable. (Doc. Nos. 12–14, 16, 17.) The Court received completed service packets on October 21, 2020, and issued summonses addressed to Henderson, Claflin, Cox, and QCHC on October 23, 2020.[1] (Doc. No. 20.)

On November 20, 2020, Henderson and QCHC moved to dismiss McClellon's claims against them under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal

---

[1]      Claflin and Cox have appeared in this action and filed an answer to McClellon's complaint. (Doc. No. 34.)

jurisdiction and insufficient service of process. (Doc. Nos. 24, 26.) QCHC also seeks dismissal under Rule 12(b)(4) for insufficient process. (Doc. No. 26.) The Court ordered McClellon to file any response in opposition to Henderson's and QCHC's motions "no later than fourteen days after [being] served with the motion" and warned him that "[f]ailure to file a timely response in opposition to the defendants' motion[s] to dismiss may result in a recommendation that the motion[s] be granted as unopposed or the action be dismissed for failure to prosecute" (Doc. No. 32). McClellon did not respond to Henderson's and QCHC's motions and on April 7, 2021, the Court again ordered McClellon to respond to the pending motions to dismiss by May 4, 2021 and to address why the Court should accept an untimely response. (Doc. No. 41.) McClellon did not respond to the April 7, 2021 order.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.    Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by McClellon.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that McClellon's failure to respond to Henderson's and QCHC's motions to dismiss or the Court's April 7, 2021 order were motivated by bad faith. However, because the Court warned McClellon that failure to respond to the motions to dismiss and the order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to [d]efendants' motion to dismiss or a response to the [c]ourt's [o]rder to [s]how [c]ause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice usually arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant

"expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, Claflin and Cox have answered the complaint (Doc. No. 34) and Henderson and QCHC have filed motions to dismiss (Doc. Nos. 24, 26). Because these are typical steps in early litigation, this factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned McClellon "that failure to file a timely response in opposition to the defendants' motion[s] to dismiss may result in a recommendation that . . . the action be dismissed for failure to prosecute" (Doc. No. 32) and that failure to respond to the Court's April 7, 2021 order "may result in a recommendation that this action be dismissed" (Doc. No. 41). This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though Henderson and QCHC have filed motions to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (adopting report and recommendation dismissing pro se plaintiff's complaint without

prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV.     Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for McClellon's failure to prosecute and that Henderson's and QCHC's motions to dismiss (Doc. Nos. 24, 26) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of June, 2021.

*signature*
ALISTAIR E. NEWBERN
United States Magistrate Judge