# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SANDY LEANDER McCLELLON, | ) |
| Plaintiff, | ) |
| v. | ) |
| BENNETT HENDERSON et al., | ) No. 2:20-cv-00015 |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's motion to appoint counsel (Doc. No. 15). Also before the Court is the Magistrate Judge's Report and Recommendation ("R&R"), (Doc. No. 42), recommending that this action be dismissed without prejudice for failure to prosecute and that Defendants Bennett Henderson's and Quality Correctional Health Care's (QCHC) motions to dismiss, (Doc. Nos. 24, 26), be found moot.

The Court will first turn to Plaintiff's motion to appoint counsel. (Doc. No. 15). "[U]nlike criminal defendants, indigent civil plaintiffs have no constitutional right to counsel." Novatne v. Elrod, No. 3:19-cv-00821, 2020 WL 7047047, at *3 (M.D. Tenn. Dec. 1, 2020) (citing Lavado v. Keohane, 992 F.2d 601, 605–06 (6th Cir. 1993)). "Rather, appointment of counsel in civil cases is only justified in exceptional circumstances." Id. (citing Lavado, 992 F.2d at 605–06). "To determine 'whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved.'" Id. (citing Hollis v. Perry, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018)). Having reviewed the record in this case, the Court finds that, at this point, the factual and legal issues Plaintiff has raised are not "unusually complex, and [Plaintiff] has

demonstrated the ability to plead his case cogently." Id. Moreover, Plaintiff's "lack of legal knowledge," while undoubtedly burdensome, is a circumstance "common to many pro se plaintiffs, most of whom will not be appointed counsel." Id. Thus, Plaintiff's motion to appoint will be denied.

Turning next to the Magistrate Judge's R&R, no objections have been filed. If there are no objections, the district court is not required to review the R&R *de novo*, and should "adopt the magistrate's findings and rulings to which no specific objection is filed." Benson v. Walden Sec., No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing Thomas v. Arn, 474 U.S. 140 (1985)); see also Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019).

The Court has nonetheless reviewed the R&R and the file in accordance with Rule 72 of the Federal Rules of Civil Procedure and agrees with the recommended disposition. See Fed. R. Civ. P. 72(b). As an aside, the Court recognizes that Plaintiff has filed several notices of address changes. (See Doc. Nos. 12, 21, 40). However, there is no indication that these changes have precluded Plaintiff's ability to respond to Defendants' filings. Indeed, Plaintiff confirmed receipt of a "letter from . . . a firm representing QHCC [sic] & Bennet [sic]," (Doc. No. 40).

Accordingly, Plaintiff's motion to appoint counsel, (Doc. No. 15), is **DENIED**. The Magistrate Judge's Report and Recommendation, (Doc. No. 42), is **APPROVED** and **ADOPTED**. This action is **DISMISSED WITHOUT PREJUDICE** subject to refiling, and Defendants Bennett Henderson's and Quality Correctional Health Care's motions to dismiss, (Doc. Nos. 24, 26), are **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE